UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED HERNANDEZ, | CASE NO. 1:11-cv-00409-GBC (PC) |
| Plaintiff, | ORDER GRANTING, IN PART, DEFENDANTS' MOTION TO DISMISS AND DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| A. ENENMOH, et al., | (ECF No. 10) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**ORDER**

I.  **PROCEDURAL HISTORY**

Plaintiff Alfred Hernandez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint in Kings County Superior Court against Defendants Enenmoh, Villasenor, Gonzales, Morris, Denia, Miller, Crum, Walker, Englert, and Schaper. (ECF No. 1.) On March 8, 2011, Defendants removed the action to federal court. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction on March 18, 2011 and Defendants also consented on March 14, 2011. (ECF

1

Nos. 8 & 7.) Plaintiff's Complaint has not yet been screened by this Court.

On March 30, 2011, Defendants Enenmoh, Crum, Morris, Villasenor, Englert filed a Motion to Dismiss for failure to state a claim.[1] (ECF No. 10.) Plaintiff failed to file an opposition or otherwise respond to the Motion.

## II.     LEGAL STANDARD

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ," Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal at 1949 (citing Twombly at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

//

///

---

[1] Defendants state that Gonzales, Denia, Miller, Walker, and Schaper have not been served.

## III. ARGUMENTS

Defendants argue that all Defendants are entitled to Eleventh Amendment immunity; that Plaintiff failed to state a Fourteenth Amendment claim; that, as to Defendants Enenmoh and Crum, Plaintiff cannot prove proximate cause because there is no supervisory liability or liability for treatment of appeals; that, as to Defendants Morris and Villasenor, Plaintiff failed to prove deliberate indifference to his medical need in violation of the Eighth Amendment; that Plaintiff failed to prove any claims against Defendant Englert as he is not named in Plaintiff's statement of the case; and that Plaintiff has failed to state any claims as he does not allege specific facts to show any violations by any named Defendants.

### A. Eleventh Amendment Immunity

Defendants argue that they are entitled to immunity under the Eleventh Amendment because Plaintiff has not established a constitutional violation and because reasonable correctional officers would not have believed that following established prison policies violationed Plaintiff's rights.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003). "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer, 502 U.S. at 25;

Suever v. Connell, Nos. 08-15884, 08-16161, 2009 WL 2606235, *12 (9th Cir. Aug. 26, 2009).

Here, Plaintiff does not allege that he is bringing suit against any Defendant in their official capacity. In fact, Plaintiff states that each Defendant is sued in their individual capacity. (ECF No. 1-1, p. 10.) Accordingly, the Court rejects Defendants' argument that they are entitled to dismissal of the constitutional claims against them based on Eleventh Amendment immunity.

### B. Fourteenth Amendment

Defendants argue that Plaintiff failed to state a violation under the Fourteenth Amendment. Defendants believe that Plaintiff is alleging that Defendants violated his due process rights by failing to provide adequate medical care. The Court disagrees with Defendants' conclusion. In his Complaint, Plaintiff alleges that he was denied due process under the Fourteenth Amendment; however, he does not state any facts related to this argument. It appears to the Court that Plaintiff was attempting a due process claim as to the processing of his grievances, which is addressed in the following section.

### C. Defendants Enenmoh & Crum

Defendants Enenmoh and Crum argue that they should be dismissed from the Complaint because Plaintiff cannot prove proximate cause as they did not participate in the alleged violations as currently described by Plaintiff.[2]

In his Complaint, Plaintiff alleges that, on April 8, 2010, Defendant Crum refused to process Plaintiff's appeal prolonging his suffering. Plaintiff does not name Enenmoh in his

---

[2] Defendants also argue that there is no supervisory liability. This is discussed below.

4

statement of the case. However, the Court notes that Enenmoh appears to have partially granted one of Plaintiff's appeals. (ECF No. 1-2, pp. 20-21.)

It appears that Plaintiff is alleging that Defendants Enenmoh and Crum mishandled/delayed/wrongly denied his inmate appeals.

Defendants' actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action. Buckley, 997 F.2d at 495.

Because Plaintiff has neither a liberty interest nor a substantive right in inmate appeals, Plaintiff fails to state a claim in this regard against any named Defendants.[3]

//

///

---

[3] This argument and analysis also applies to Defendants Denia, Schaper, Miller, and Walker.

5

### D. Defendants Morris & Villasenor

Defendants Morris and Villasenor argue that Plaintiff has failed to prove deliberate indifference in his Eighth Amendment claim violation.

In his Complaint, Plaintiff states that he received pain management medication until he was transferred and all medication was stopped. Plaintiff requested pain medication from Villasenor, Morris, and Gonzales. Defendants laughed at him and ignored his request.

Defendants assert that these allegations are not sufficient to state a cognizable Eighth Amendment deliberate indifference claim.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . .

. ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The objective component of deliberate indifference requires the showing of a serious medical need. "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'." McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104); see also Jett, 439 F.3d at 1096. "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed." Estelle, 429 U.S. at 104-105. The objective element requires proof that the prisoner's serious medical needs were not timely and properly treated.

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998) (quoting Farmer, 511 U.S. at 835). "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." Frost, 152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)). "This second prong--defendant's response to the need was deliberately indifferent--is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). "A prisoner need not show his harm was substantial;

7

however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Id. Indications of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." McGuckin, 974 F.2d at 1059-60 (citing Wood v. Housewright, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

If the claim alleges mere delay of treatment, the inmate must establish that the delay resulted in some harm. McGuckin, 974 F .2d at 1060 (citing Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam)). The delay need not cause permanent injury. McGuckin, 974 F.2d at 1060; see also Hudson v. McMillian, 503 U.S. 1, 10 (1992). Unnecessary infliction of pain is sufficient to satisfy this requirement. Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence

is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Defendants are correct, as currently pleaded, Plaintiff has failed to state a cognizable Eighth Amendment claim against any of the Defendants. Plaintiff's conclusory statement that medical personnel were made aware of Plaintiff's chronic medical condition is not sufficient to demonstrate knowledge by the named Defendants. Plaintiff does not state that these particular Defendants were aware of Plaintiff's diagnoses. Nor does Plaintiff state that these particular Defendants were medical personnel. Without knowledge, Defendants cannot be deliberately indifferent to Plaintiff's medical need.

Accordingly, Plaintiff failed to state a claim against Defendants Morris and Villasenor for violations of his Eighth Amendment right to adequate medical care.[4]

///

---

[4] This argument and analysis also applies to Defendant Gonzales.

9

E.     **Defendant Englert**

Defendant Englert argues that he should be dismissed from this action because Plaintiff failed to name him or attribute any actions or inactions to him in the complaint. Englert is listed as a Defendant in the Complaint, but is not mentioned any where else in the pleading.

Because Englert is not named in the statement of the case, Plaintiff could be arguing that he is liable for the conduct of his subordinates as he was not present and did not participate in the complained of conduct as currently described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient

causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury. Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)). However "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011).

In this action, Plaintiff has not alleged facts demonstrating that Defendant Englert personally acted to violate his rights. Plaintiff must specifically link each Defendant to a violation of his rights. Accordingly, Plaintiff has failed to state a claim against Defendant Englert.

//

///

### F. Remaining Claims

Finally, Defendants argue that Plaintiff has not alleged any facts to support any of the claims against an of the Defendants. Defendants do not specify which other claims they are referring to. The Court assumes that Defendants are referring to the state law claims that Plaintiff alleges in his Complaint.

In his Complaint, Plaintiff states that he is pursuing claims under the California Constitution, art. 1 §§ 17 (prohibition of cruel and usual punishment), 7(a) & (b) (due process and equal protection), and 24, California Tort Claims Act specifically Intentional Infliction of Emotional Distress, Medical Malpractice, Negligence, Oppression, and Deliberate Indifference.

The Court will now take this opportunity to screen the remainder of Plaintiff's Complaint.

#### 1. Screening Authority

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii) (emphasis added).

///

### 2. Summary of Complaint

Plaintiff was previously diagnosed with significant herniation of a disc or disc rupture in his lumbar spine. This condition affected his daily life, severely limiting his physical activity. Plaintiff was prescribed pain medication to deal with his condition.

Plaintiff was then transferred to California Substance Abuse Treatment Facility-Corcoran where his pain medication was cut off. This left Plaintiff unable to walk. Plaintiff was assisted by other inmates to the clinic where he asked for pain medication from Defendants Morris, Gonzales, and Villasenor. Defendants laughed at Plaintiff and ignored his request. On April 1, 2010, Plaintiff was in so much pain that his cellmate called for medical assistance. Plaintiff was taken to the clinic where he received pain medication via injection.

Plaintiff filed a 602 grievance on April 4, 2010, which was granted at the first level by Defendants Denia and Schaper. Defendants Denia and Schaper falsified documents and dates to cover up the mistakes made. Plaintiff resubmitted at the second level, which was also partially granted. On April 8, 2010, Defendant Crum refused to process Plaintiff's appeal. On April 21, 2010, Defendant Miller refused to process Plaintiff's appeal. On September 28, 2010, Defendant Walker denied Plaintiff's appeal at the third level.

### 3. State Law Claims

Plaintiff alleges violations of California Constitution and the California Tort Claims Act, specifically Intentional Infliction of Emotional Distress, Medical Malpractice, Negligence, Oppression, and Deliberate Indifference.

The Court does not reach the viability of Plaintiff's state law as it will not exercise supplemental jurisdiction over state law claims unless Plaintiff is able to state a cognizable

federal claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

The Court also notes that if Plaintiff does state a cognizable federal claim and chooses to pursue the listed state actions, he must demonstrate compliance with the California Tort Claims Act. Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). A plaintiff may file a written application for leave to file a late claim up to one year after the cause of action accrues. Cal. Gov't Code § 911.4. The purpose of CTCA's presentation requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." City of San Jose v. Superior Court, 525 P.2d 701, 706 (1974). Thus, in pleading a state law claim, plaintiff must allege facts demonstrating that he has complied with CTCA's presentation requirement. State of California v. Superior Court (Bodde), 90 P.3d 116, 119 (2004). Failure to demonstrate compliance constitutes a failure to state a cause of action and will result in the dismissal of plaintiff's state law claims. Id.

The Court will allow Plaintiff <u>one</u> opportunity to amend his complaint. If he chooses to do so and chooses to amend his state claims, Plaintiff must demonstrate compliance with the CTCA.

//

///

## IV.  **CONCLUSION AND ORDER**

The Court finds that Defendants' Motion should be granted in part, denied in part, and that Plaintiff's Complaint should be dismissed with leave to amend.

As to Defendants' specific arguments, Defendants are not entitled to dismissal of the action on the ground that it is barred by the Eleventh Amendment. However, Defendants are entitled to dismissal of Plaintiff's Fourteenth Amendment due process claim. Specifically, Defendants Enenmoh and Crum are entitled to dismissal of the due process claims against them. Defendants Villasenor and Morris are entitled to dismissal of the Eighth Amendment deliberate indifference claims against them. Defendant Englert is entitled to dismissal of all claims against him.

Further, based on the Court's screening of the Complaint, the Court finds that Plaintiff fails to state any claims against all other named Defendants. Because this is the first screening of Plaintiff's Complaint and because the Court does not find that amendment would be futile, Plaintiff will be given an opportunity to amend.

Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss, filed March 30, 2011, be GRANTED IN PART and DENIED IN PART as follows:

    a. Defendants' motion to dismiss the claims against them based on Eleventh Amendment immunity be DENIED;

    b. Defendants motion to dismiss the Fourteenth Amendment claims against them for failure to state a claim be GRANTED;

    c. Defendant Enenmoh and Crum's motion to dismiss the inmate appeal mishandling claim against them for failure to state a claim be

           GRANTED;

    d.    Defendant Morris and Villasenor's motion to dismiss the Eighth Amendment claim against them for failure to state a claim be GRANTED; and

    e.    Defendant Englert's motion to dismiss claims against him for failure to state a claim be granted;

2.    Plaintiff be GRANTED leave to file an amended complaint; and

3.    First Amended Complaint due within thirty days.

IT IS SO ORDERED.

Dated:   July 11, 2011

                                         UNITED STATES MAGISTRATE JUDGE